UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————

MADELYN TROTTA-HEIM,

                    Plaintiff,

         - against -

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

————————————————————————

19-cv-8275 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, Madelyn Trotta-Heim, brought this action against the Commissioner of Social Security for past-due Social Security disability benefits. The action was successful, and the plaintiff was ultimately awarded past-due benefits in the amount of $256,514.20. See Memorandum of Law in Support of Plaintiff's Motion for Attorney's Fees ("Pl. Mem. of Law."), ECF No. 22; see also Affirmation of Charles E. Binder ("Binder Decl.") ¶ 12, ECF No. 23. The plaintiff's counsel, Charles E. Binder, now seeks attorney's fees pursuant to 42 U.S.C. § 406(b). For the following reasons, the motion for attorney's fees is **granted**.

                              I.

Unless otherwise noted, the following facts are undisputed and are taken from the Social Security Administration Administrative Record, ECF No. 8 ("Admin. Rec.").

The plaintiff filed an application for and received Social Security Disability Insurance ("SSDI") benefits beginning November 8, 2004. See Admin. Rec. 171. However, the Social Security

Administration ("SSA") advised the plaintiff that she was no longer disabled as of May 2, 2016, and terminated her benefits as of that date. See id. at 167. The plaintiff requested reconsideration of the decision by the SSA, which was denied in a notice dated October 5, 2016. See id. at 195. The plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). See id. at 203-04. The ALJ held a hearing on August 2, 2018, and concluded that the plaintiff was no longer disabled. See id. at 138-39. The Appeals Council denied the plaintiff's request for review. See id. at 139.

The plaintiff retained counsel to contest the administrative ruling in federal court and agreed to pay counsel "up to twenty five percent (25%) of any past due benefits" awarded to her and her family in her case. See Exhibit A to Binder Decl. ("Ex. A") ¶ 1, ECF No. 23-1.

The plaintiff filed this action on September 5, 2019. See Complaint, ECF No. 1. On May 19, 2020, the parties stipulated — pursuant to sentence four of 42 U.S.C. § 405(g) — and this Court ordered that the action be reversed and remanded to the Commissioner of Social Security. See Stipulation and Order for Remand ("Remand Order"), ECF No. 16. On June 8, 2020, the Court awarded attorney's fees to the plaintiff's counsel for $7,317.48 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §

2412. See Stipulation and Order for Attorney's Fees ("Att'y Fee Order"), ECF No. 19.

Pursuant to the Court's Order, a second hearing was held before an ALJ on August 17, 2022, ultimately finding that the plaintiff was not disabled. See Binder Decl. ¶ 5. After the plaintiff requested review and the Appeals Council remanded the case, a third hearing was held before an ALJ on November 18, 2025. Id. On remand, the ALJ found that the plaintiff was disabled and approved the plaintiff for continuing benefits, which included payment for past-due benefits that had ceased in May 2016. Id. ¶¶ 1,5.

On January 14, 2026, the plaintiff's counsel received a notice from the SSA that the SSA is withholding $64,128.55 for the payment of attorney's fees from past-due benefits awarded to the plaintiff and her children. See Exhibit C to Binder Decl. ("Ex. C") ¶ 1, ECF No. 23-3; see also Binder Decl. ¶ 11. The plaintiff's counsel filed a motion for attorney's fees in the amount of $64,128.55 pursuant to 42 U.S.C. § 406(b). See id. at ¶ 12.

## II.

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such

3

representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."[1] 42 U.S.C. § 406(b)(1)(A). A contingent-fee agreement is the "primary means by which fees are set for successfully representing Social Security benefits claimants in court." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Because "a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Thus, "§ 406(b) calls for court review of such arrangement as an independent check, to assure that they yield reasonable results in particular cases," with the one limit that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Gisbrecht, 535 U.S. at 807.

In evaluating whether a contingency fee agreement is reasonable, courts should consider "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

contingency agreement." <u>Fields v. Kijakazi</u>, 24 F.4th 845, 849 (2d Cir. 2022). At bottom, however, district courts "are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters . . . ordinarily qualify for highly respectful review." <u>Gisbrecht</u>, 535 U.S. at 808.

Courts must also consider whether a contingency fee award would result in a windfall. <u>See</u> <u>Fields</u>, 24 F.4th at 849. To evaluate whether such an award would constitute a windfall, factors to consider are (1) "the ability and expertise of the lawyers," (2) "the nature and length of the professional relationship with the claimant," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." <u>Id</u>. at 854-55.

The contingency fee arrangement in this case is reasonable. The plaintiff's counsel seeks an award that is aligned with the twenty-five percent cap set by section 406(b). Neither party claims that the plaintiff's counsel has been substandard in representing the plaintiff. Indeed, the plaintiff's counsel helped secure a favorable outcome for the plaintiff after the plaintiff's claim was denied in the administrative forum. There is no indication that the plaintiff's counsel caused undue delay,

acted fraudulently, or overreached when making the contingency agreement.

Nor does the contingency fee represent a windfall for the plaintiff's counsel. The plaintiff's counsel seeks an award equivalent to a non-contingency rate of $1,742.62. See Exhibit B to Binder Decl. ("Ex. B"), ECF No. 23-3 (reporting 36.8 hours of legal services). Such an award is reasonable considering other awards in this Circuit. See, e.g., Kazanjian v. Astrue, No. 09-cv-3678, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (awarding fees at an effective hourly rate of $2,100).

Nothing indicates that the plaintiff is dissatisfied by this representation nor by any of the services provided by the plaintiff's counsel. Absent counsel, the award of benefits was highly uncertain, given that the plaintiff's application for continuing SSDI benefits was denied several times by various ALJs. Accordingly, the fee requested by the plaintiff's counsel is reasonable.

**III.**

When counsel receives fees under both section 406(b) and the EAJA, counsel should return to the plaintiff the lesser amount of the two awards of attorney's fees. See Gisbrecht, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee

6

awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee."). Here, the plaintiff's counsel has already been awarded attorney's fees under EAJA in the amount of $7,317.48. See Binder Decl. ¶ 12.  Accordingly, the plaintiff's counsel must refund the $7,317.48 to the plaintiff, because that is the smaller of the two awards. See also Mirante v. Kijakazi, No. 20-cv-4051, 2023 WL 6602210, at *4 (S.D.N.Y. Oct. 9, 2023) (ordering the plaintiff's attorney to return the previous EAJA award after awarding the withheld benefits net of the administrative attorney's award).

## CONCLUSION

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. The plaintiff's motion for attorney's fees is **granted**. Pursuant to 42 U.S.C. § 406(b), the plaintiff's counsel is to be awarded the $64,128.55 withheld by the Social Security Administration from past-due benefits received by the plaintiff. The plaintiff's counsel shall refund $7,317.48, the amount in attorney's fees the plaintiff's counsel received under EAJA, to the plaintiff.

The Clerk is directed to close ECF No. 21.

SO ORDERED.
Dated:    New York, New York
          March 28, 2026

_____
         John G. Koeltl
  United States District Judge